UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHEA MICHELLE WALKER,

        Plaintiff,

v.

        CASE NO. 15-CV-12153
        HONORABLE DENISE PAGE HOOD

CAMP BRIGHTON PRISON,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING HER CIVIL RIGHTS COMPLAINT**

**I.    Introduction**

The Court has before it Plaintiff Rhea Michelle Walker's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983, as well as her application to proceed in forma pauperis. Plaintiff is a state parolee who was previously confined at the Camp Brighton Prison in Pinckney, Michigan. Having reviewed her financial information, the Court hereby grants her application to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). In her complaint, Plaintiff alleges that she was subject to unsanitary conditions and contaminated drinking water while confined at Camp Brighton. She names Camp Brighton as the sole defendant in this action. She seeks monetary damages. For the reasons stated herein, the Court summarily dismisses the civil rights complaint and concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"), a federal court is required to sua

sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.   Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under

color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In her complaint, Plaintiff names Camp Brighton as the sole defendant in this action. That prison facility, however, was an institution operated by the Michigan Department of Corrections and is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *Webber v. Standish Maximum Prison*, No. 2:06-CV-11921, 2006 WL 1284610, *2 (E.D. Mich. May 10, 2006) (same); *accord Murray v. Ohio Dep't of Corrections*, No. 1-14-cv-168, 2014 WL 1382401, *3 (S.D. Ohio April 8, 2014); *Solomon v. Clark*, No. 1:13-cv-470, 2013 WL 552222, *7 n. 6 (W.D. Mich. Oct. 6, 2013). Plaintiff thus fails to state a claim upon which relief may be granted against the only defendant identified in her complaint. Her complaint must therefore be dismissed.[1]

**III.    Conclusion**

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted against the named defendant in her complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint against Camp Brighton.

---

[1] The Court also notes that Plaintiff's complaint is somewhat conclusory in that she fails to set forth the dates of her incarceration at Camp Brighton or provide specific details regarding the events giving rise to her complaint. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

This dismissal is without prejudice to Plaintiff filing a new complaint against a properly named defendant. Any such new complaint must comply with the afore-mentioned federal pleading standards. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager